| United States Bankruptcy Court<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Almatis B.V. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Alcoa Chemie Nederland B.V. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  8034.54.946.V.01 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>Theemsweg 30<br>3197 KM Botlek Rotterdam<br>Netherlands                          ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><br>                          ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>                          ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>                          ZIP CODE |

| Location of Principal Assets of Business Debtor (if different from street address above):<br>                          ZIP CODE |
|---|

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>  11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☒ Chapter 11      Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                 Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>  under Title 26 of the United States<br>  Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer,    ☒ Debts are primarily<br>  debts defined in 11 U.S.C.          business debts<br>  § 101(8) as "incurred by an<br>  individual primarily for a<br>  personal, family, or house-hold<br>  purpose." |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>  signed application for the court's consideration certifying that the debtor is<br>  unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>  attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>  insiders or affiliates) are less than $ 2,190,000.<br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☒ Acceptances of the plan were solicited prepetition from one or more classes<br>  of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR<br>COURT USE ONLY** |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>  distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $10,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $10,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Almatis B.V. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: None | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: Please see attached Schedule 1 | Case Number: TBD | Date Filed: April 30, 2010 |
| District: Southern District of New York | Relationship: Affiliates | Judge: TBD |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br> Signature of Attorney for Debtor(s)          (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? <br><br> ☐ Yes, and Exhibit C is attached and made a part of this petition. <br><br> ☒ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) <br><br> ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition. <br><br> If this is a joint petition: <br><br> ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** (Check any applicable box.) |
|---|
| ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. <br><br> ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. <br><br> ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** (Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) <br><br> _____ <br> (Name of landlord that obtained judgment) <br><br> _____ <br> (Address of landlord) <br><br> ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and <br><br> ☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. <br><br> ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Almatis B.V. |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>   _____<br>   Telephone Number (if not represented by attorney)<br>   _____<br>   Date | X _____<br>   (Signature of Foreign Representative)<br><br>   _____<br>   (Printed Name of Foreign Representative)<br><br>   _____<br>   Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X */s/ Michael A. Rosenthal*<br>   Signature of Attorney for Debtor(s)<br>   **Michael A. Rosenthal**<br>   Printed Name of Attorney for Debtor(s)<br>   **Gibson, Dunn & Crutcher LLP**<br>   Firm Name<br><br>   **200 Park Avenue**<br>   Address<br>   **New York, NY  10166-0193**<br>   **(212) 351-3889**<br>   Telephone Number<br>   **April 30, 2010**<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>   _____<br>   Printed Name and title, if any, of Bankruptcy Petition Preparer<br>   _____<br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br>   _____<br>   Address<br><br>X _____<br>   _____<br>   Date |
| **Signature of Debtor (Corporation/Partnership)** | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ Remco de Jong*<br>   Signature of Authorized Individual<br>   **Remco de Jong**<br>   Printed Name of Authorized Individual<br>   **Chief Executive Officer**<br>   Title of Authorized Individual<br>   **April 30, 2010**<br>   Date | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# SCHEDULE 1

## Pending Bankruptcy Cases Filed
## By the Debtor and Affiliates of the Debtor

The following affiliated debtors contemporaneously have filed chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York:

**Affiliated Debtors:**

1. Almatis B.V.
2. DIC Almatis Holdco B.V.
3. DIC Almatis Midco B.V.
4. DIC Almatis Bidco B.V.
5. Almatis Holdings 3 B.V.
6. Almatis Holdings 9 B.V.
7. Blitz F07-neunhundert-sechzig-drei GmbH
8. Almatis Holdings GmbH
9. Almatis GmbH
10. Almatis Holdings 7 B.V.
11. Almatis US Holding, Inc.
12. Almatis, Inc.
13. Almatis Asset Holdings LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                         :

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **ALMATIS B.V.,** *et al.,* | **Case No. _____** |
| **Debtors.** | **Joint Administration Requested** |

-----------------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE 50 LARGEST UNSECURED CLAIMS

      The above-captioned debtors (collectively, the "***Debtors***") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "***Consolidated List***") based on the Debtors' books and records as of approximately April 28, 2010.  The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Rule 1007-2(4) of the Local Rules of Bankruptcy Procedure for filing in these chapter 11 cases.  The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims on a consolidated basis.  None of these creditors are minor children.  The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors.  The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|
| 1. | **Wilmington Trust (London) Limited**<br>6 Broad Street Place<br>Fifth Floor<br>London EC2M 7JH<br>United Kingdom | **Wilmington Trust (London) Limited**<br>6 Broad Street Place<br>Fifth Floor<br>London EC2M 7JH<br>United Kingdom<br>Ph. +44 (0) 20 7614 1111<br>Fax +44 (0) 20 7614 1122 | Almatis B.V. and Almatis Holdings 9 B.V. mezzanine indebtedness under Mezzanine Credit Facility | | $203,600,000.00 |
| 2. | **Wilmington Trust (London) Limited**<br>6 Broad Street Place<br>Fifth Floor<br>London EC2M 7JH<br>United Kingdom | **Wilmington Trust (London) Limited**<br>6 Broad Street Place<br>Fifth Floor<br>London EC2M 7JH<br>United Kingdom<br>Ph. +44 (0) 20 7614 1111<br>Fax +44 (0) 20 7614 1122 | DIC Almatis Bidco B.V. junior mezzanine indebtedness under Junior Mezzanine Credit Facility | | $81,200,000.00 |
| 3. | **UBS Limited**<br>1 Finsbury Avenue<br>London, EC2M 2PP<br>United Kingdom | **UBS Limited**<br>1 Finsbury Avenue<br>London, EC2M 2PP<br>United Kingdom<br>Graham.vance@ubs.com<br>Andrew.Santacroce@ubs.com | Almatis B.V., Almatis US Holding, Inc., Almatis Holding GmbH Second Lien subfacility indebtedness under Senior Credit Facility | | $79,700,000.00 |
| 4. | **MVV Energiedienstleistungen GmbH**<br>Giulinistr. 2<br>Ludwigshafen 67065<br>Germany | **MVV Energiedienstleistungen GmbH**<br>Giulinistr. 2<br>Ludwigshafen 67065<br>Germany<br>Ph. 0621 5709701<br>Fax 0621 5709-711 | Trade | | $1,253,776.96 |
| 5. | **RWE Gas Verkoopmaatschappij NV**<br>Diamantlaan 15<br>Hoofddorp 2132 WV<br>Netherlands | **RWE Gas Verkoopmaatschappij NV**<br>Diamantlaan 15<br>Hoofddorp 2132 WV<br>Netherlands<br>Ph. +31 23 5691350<br>Fax +31 23 5691315<br>Frans.dewit@rwe.nl | Trade | | $1,097,511.78 |

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|
| 6. | Delta N.V.<br>Poelendaelesingel 10<br>Middelburg 4335 JA<br>Netherlands | Delta N.V.<br>Poelendaelesingel 10<br>Middelburg 4335 JA<br>Netherlands<br>Ph. +31 118 883883<br>Fax +31 118 882994<br>tknaapen@delta.nl | Trade | | $729,386.78 |
| 7. | BASF Construction Polymers GmbH<br>Dr.-Albert-Frank-Strasse 32<br>Trotsberg 83308<br>Germany | BASF Construction Polymers GmbH<br>Dr.-Albert-Frank-Strasse 32<br>Trotsberg 83308<br>Germany<br>Ph. 08621 86-2248<br>Anja.Christina.Hinz@basf.com | Trade | | $712,014.18 |
| 8. | BIS Maintenance Südwest GmbH<br>An der Bundesstrasse 3<br>Leimen 69181<br>Germany | BIS Maintenance Südwest GmbH<br>An der Bundesstrasse 3<br>Leimen 69181<br>Germany<br>Ph. 06224/701-701<br>Fax 06224/701-700 | Trade | | $623,690.97 |
| 9. | Helmut Kreutz GmbH<br>Helmut Kreutz Strasse<br>Haiger-Langenaubach 35708<br>Germany | Helmut Kreutz GmbH<br>Helmut Kreutz Strasse<br>Haiger-Langenaubach 35708<br>Germany<br>Ph. 02773/94410<br>Fax: 02773/944160 | Trade | | $616,574.91 |
| 10. | SD Lehnkering Logistics BV<br>Zweth 24<br>Barendrecht 2991 LH<br>Netherlands | SD Lehnkering Logistics BV<br>Zweth 24<br>Barendrecht 2991 LH<br>Netherlands<br>Ph. 0180698-500<br>martin.vanderhoeven@lehnkering.nl | Trade | | $458,431.77 |
| 11. | SD UPS Supply Chain Solutions Inc<br>314B Moon Clinton Rd<br>Moon Township, Pennsylvania 15108<br>USA | SD UPS Supply Chain Solutions Inc<br>314B Moon Clinton Rd<br>Moon Township, Pennsylvania 15108<br>USA<br>Ph. 412-631-1615<br>Ckrivoniak@UPS.com | Trade | | $421,308.35 |

| | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|---|
| 12. | SD Bauxite & Northern Railway Co.<br>6232 Cyanamid Road<br>Bauxite, Arkansas 72011<br>USA | SD Bauxite & Northern Railway Co.<br>6232 Cyanamid Road<br>Bauxite, Arkansas 72011<br>USA<br>Ph. 501-776-4619<br>heather.gregoire@railamerica.com | Trade | | $421,257.46 |
| 13. | SD Wincanton GmbH<br>Rheinkaistrasse 2<br>Mannheim 68159<br>Germany | SD Wincanton GmbH<br>Rheinkaistrasse 2<br>Mannheim 68159<br>Germany<br>Ph. 0621 8048-0<br>petra.munderloh-kristofory@wincanton.eu | Trade | | $418,615.68 |
| 14. | Coral Energy Resources, L.P.<br>909 Fannin, Plaza Level 1<br>Houston, Texas 77010<br>USA | Coral Energy Resources, L.P.<br>909 Fannin, Plaza Level 1<br>Houston, Texas 77010<br>Ph. 1-713-230-7597<br>Randy.ward@shell.com | Trade | | $400,000.00 |
| 15. | Estron B.V.<br>Postbus 45<br>Spijkenisse 3200 AA<br>Netherlands | Estron B.V.<br>Postbus 45<br>Spijkenisse 3200 AA<br>Netherlands<br>Ph. 010 296 1616<br>Yvette@estron.nl | Trade | | $374,335.94 |
| 16. | UPS Supply Chain Solutions Inc<br>636 Sandy Lake Road<br>Coppell, Texas 75019<br>USA | UPS Supply Chain Solutions Inc<br>636 Sandy Lake Road<br>Coppell, Texas 75019<br>USA<br>Ph. 412-631-1615<br>Fax: 412-262-4544 | Trade | | $365,142.89 |
| 17. | SD Wedig Int Spedition<br>Beindersheimer Str 102<br>Frankenthal 67227<br>Germany | SD Wedig Int Spedition<br>Beindersheimer Str 102<br>Frankenthal 67227<br>Germany<br>Ph. 6233 37 670<br>m.glaab@wedig.eu | Trade | | $327,395.79 |

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|
| 18. | **Entergy Corp.**<br>446 North Blvd.<br>Baton Rouge, Louisiana<br>70891-8101<br>USA | **Entergy Corp.**<br>446 North Blvd.<br>Baton Rouge, Louisiana<br>70891<br>USA<br>Ph. 800-766-1648<br>dhester@entergy.com | Trade | | $325,000.00 |
| 19. | **Aloysius Krenzer KG**<br>Wasserkuppenstr 1<br>36163 Poppenhausen-Abtsroda<br>Germany | **Aloysius Krenzer KG**<br>Wasserkuppenstr 1<br>36163 Poppenhausen-Abtsroda<br>Germany<br>Ph. 06658 961610<br>Fax 06658 961630<br>kontakt@krenzer-paletten.de | Trade | | $301,662.90 |
| 20. | **Carrieres Fours Chaux Dumont – Wautie**<br>Parc Des Collines 50<br>Wavre 1300<br>Belgium | **Carrieres Fours Chaux Dumont – Wautie**<br>Parc Des Collines 50<br>Wavre 1300<br>Belgium<br>Ph. +32 10230711<br>Fax +32 10230950<br>Marco.Kluivers@lhoist.com | Trade | | $296,357.49 |
| 21. | **H.J. Schmidt Mineraltechnik Gmbh**<br>Engerser Landstr. 60<br>Bendorf<br>Germany | **H.J. Schmidt Mineraltechnik Gmbh**<br>Engerser Landstr. 60<br>Bendorf<br>Germany<br>Ph. 02622/9274-0<br>Fax 02622/927450 | Trade | | $266,452.99 |
| 22. | **Geidel Kraftverkehr GmbH**<br>Wetzlarer Winkel 11<br>Mannheim 68262<br>Germany | **Geidel Kraftverkehr GmbH**<br>Wetzlarer Winkel 11<br>Mannheim 68262<br>Germany<br>Ph. 0621 5707286<br>uwe.geidel@freenet.de | Trade | | $248,346.10 |

| (1)<br>Name of creditor and complete mailing address, including zip code | | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|---|
| 23. | **Mondi Packaging Trebsen GmbH**<br>Erich Hausmann Strasse 1<br>Trebsen 4687<br>Germany | **Mondi Packaging Trebsen GmbH**<br>Erich Hausmann Strasse 1<br>Trebsen 4687<br>Germany<br>Ph. 034383 91-100<br>Fax 03438391-114<br>bags.germany@mondigroup.com | Trade | | $239,038.10 |
| 24. | **Trimet Schweiz AG**<br>Gotthardstr. 20<br>Zug 6300<br>Switzerland | **Trimet Schweiz AG**<br>Gotthardstr. 20  6300<br>Zug<br>Switzerland<br>Fax: +417286041 | Trade | | $220,592.85 |
| 25. | **Exim Handelsonderneming Rotterdam B**<br>Cairostraat 50<br>Rotterdam 3047 BC<br>Netherlands | **Exim Handelsonderneming Rotterdam B**<br>Cairostraat 50<br>Rotterdam 3047 BC<br>Netherlands<br>Ph. 104623511<br>Thom.vanZeeland@<br>zakkencentrale.nl | Trade | | $204,162.04 |
| 26. | **Blok –Feedstock**<br>Carrouselweg 4<br>Hellevoetsluis 3225 LN<br>Netherlands | **Blok –Feedstock**<br>Carrouselweg 4<br>Hellevoetsluis 3225 LN<br>Netherlands<br>Ph. +31 181 316000<br>Fax +31 181 313333<br>rien@bloktransport.nl | Trade | | $201,843.55 |
| 27. | **P. van der Wegen Gears BV**<br>Lovense Kanaaldijk 113<br>Tilburg 5013 BJ<br>Netherlands | **P. van der Wegen Gears BV**<br>Lovense Kanaaldijk 113<br>Tilburg 5013 BJ<br>Netherlands<br>Ph. +31 5362000<br>Fax +31 5433122 | Trade | | $169,835.40 |
| 28. | **RHI AG**<br>Magnesitstrasse 2<br>Leoben 8700<br>Austria | **RHI AG**<br>Magnesitstrasse 2<br>Leoben 8700<br>Austria<br>Fax: 0502135288<br>ilse.kolesnig@rhi-ag.com | Trade | | $162,626.83 |

| (1)<br>Name of creditor and complete mailing address, including zip code | | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|---|
| 29. | **Freudenberg IT-Information Service KG**<br>Höhnerweg 2-4<br>Weinheim 69469<br>Germany | **Freudenberg IT-Information Service KG**<br>Höhnerweg 2-4<br>Weinheim 69469<br>Germany<br>Ph. 06201 808095<br>fitlogistik-vu@freudenberg-it.com | Trade | | $153,471.89 |
| 30. | **Exim Handelsonderneming Rotterdam B**<br>Cairostraat 50<br>Rotterdam 3047 BC<br>Netherlands | **Exim Handelsonderneming Rotterdam B**<br>Cairostraat 50<br>Rotterdam 3047 BC<br>Netherlands<br>Ph. 104623511<br>Thom.vanZeeland@zakkencentrale.nl | Trade | | $143,650.32 |
| 31. | **PKF B.V.**<br>Sluisendijk 8<br>Heinenoord 3274 BM<br>Netherlands | **PKF B.V.**<br>Sluisendijk 8<br>Heinenoord 3274 BM<br>Netherlands<br>Ph. +31 186 608999<br>Fax +31 186 608988<br>ron.dehoog@pkfpallets.nl | Trade | | $142,240.30 |
| 32. | **Mondi Packaging**<br>Fort Willemweg 1<br>Maastricht 6219 PA<br>Netherlands | **Mondi Packaging**<br>Fort Willemweg 1<br>Maastricht 6219 PA<br>Netherlands<br>Ph. +31 43 3299299<br>Fax +31 43 3253496<br>paul.janssen@mondigroup.com | Trade | | $140,330.54 |
| 33. | **American Express TMS**<br>P.O. Box 360001<br>Fort Lauderdale, FL<br>USA | **American Express TMS**<br>P.O. Box 360001<br>Fort Lauderdale, FL<br>USA<br>Ph. 800-528-2122<br>Jerrod.v.hebenstreit@aexp.com | Trade | | $140,000.00 |
| 34. | **Rhenus Logistics**<br>Pg de Porceyo 1-13<br>Gijon 33392<br>Spain | **Rhenus Logistics**<br>Pg de Porceyo 1-13<br>Gijon 33392<br>Spain<br>Ph. 985307451<br>mariasoledad.urrea@es.rhenus.com | Trade | | $139,456.55 |

| (1)<br>Name of creditor and complete mailing address, including zip code | | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|---|
| 35. | European Bulk Services BV<br>Elbeweg 117<br>Rotterdam 3180 AE<br>Netherlands | European Bulk Services BV<br>Elbeweg 117<br>Rotterdam 3180 AE<br>Netherlands<br>Ph. +31 181 262988<br>Fax +31 181 258144<br>p.van.poelgeest@ebsbulk.nl | Trade | | $121,559.10 |
| 36. | SD Wedig Int Spedition<br>Beindersheimer Str 102<br>Frankenthal 67227<br>Germany | SD Wedig Int Spedition<br>Beindersheimer Str 102<br>Frankenthal 67227<br>Germany<br>Ph. 6233 37 670<br>m.glaab@wedig.eu | Trade | | $119,843.85 |
| 37. | Dadco Alumina & Chemicals Ltd<br>Hamilton House<br>Guemsey GY1 1WA<br>United Kingdom | Dadco Alumina & Chemicals Ltd<br>Hamilton House<br>Guemsey GY1 1WA<br>United Kingdom<br>Ph. 1481740605<br>Sarah.Girard@dadcoalumina.com | Trade | | $116,608.51 |
| 38. | NV Gouda Vuurvast<br>Goudkade 16<br>Gouda 2802 AA<br>Netherlands | NV Gouda Vuurvast<br>Goudkade 16<br>Gouda 2802 AA<br>Netherlands<br>Fax: 0182584098<br>info@goudaservices.com | Trade | | $100,358.39 |
| 39. | CCC Construction Co. Inc.<br>3828 Salem Road<br>Benton, Arkansas<br>USA | CCC Construction Co. Inc.<br>3828 Salem Road<br>Benton, Arkansas<br>USA<br>Ph. (501) 316-0915<br>Fax (501) 316-1517 | Trade | | $99,157.98 |
| 40. | Reikon Aandrijftechniek BV<br>Edison Straat 5<br>Gouda 2809 PC<br>Netherlands | Reikon Aandrijftechniek BV<br>Edison Straat 5<br>Gouda 2809 PC<br>Netherlands<br>Fax: 0182518233 | Trade | | $98,742.05 |
| 41. | SD SAE<br>Via Brennero 45<br>Trento 38100<br>Italy | SD SAE<br>Via Brennero 45<br>Trento 38100<br>Italy<br>log.mannheim@saeit.com | Trade | | $90,499.83 |

| | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|---|
| 42. | **Duquesne Light Co.**<br>P.O. Box 10<br>Pittsburgh, PA 15230-0010 | **Duquesne Light Co.**<br>P.O. Box 10<br>Pittsburgh, PA 15230-0010<br>Ph. 412-393-2343<br>Fax: 412-393-2314<br>paymentprocessing@duqlight.com | Trade | | $90,000.00 |
| 43. | **Foison Packaging, Inc.**<br>5060 W. Royal Atlanta Dr.<br>Suite 32<br>Tucker, Georgia 30084 | **Foison Packaging, Inc.**<br>5060 W. Royal Atlanta Dr.<br>Suite 32<br>Tucker, Georgia 30084<br>Fax: 770-939-2493<br>GRACE@FOISONINC.COM | Trade | | $88,340.48 |
| 44. | **Fercam S. p. A.**<br>Via Marie Curie 2<br>Bolzano 39100<br>Italy | **Fercam S. p. A.**<br>Via Marie Curie 2<br>Bolzano 39100<br>Italy<br>Ph. 0471 530 229<br>Fax: 0471 530 503<br>andreas.steiner@fercam.com | Trade | | $85,306.40 |
| 45. | **Little Rock Sheet Metal Co.**<br>625 W. Dixon Road<br>Little Rock, Arkansas 72206 | **Little Rock Sheet Metal Co.**<br>625 W. Dixon Road<br>Little Rock, Arkansas 72206<br>Fax: 501-490-0788<br>lrsm@lrsheetmetal.com | Trade | | $85,168.12 |
| 46. | **SD Ewals Cargo Care B.V.**<br>#<br>0 Tegelen<br>Netherlands | **SD Ewals Cargo Care B.V.**<br>#<br>0 Tegelen<br>Netherlands<br>Ph. 0031773202202<br>frank.van.den.brandt@nl.ewals.com | Trade | | $83,609.47 |
| 47. | **Ludwig Gmbh**<br>Mauerbergstr. 38<br>Baden-Baden 76534<br>Germany | **Ludwig Gmbh**<br>Mauerbergstr. 38<br>Baden-Baden 76534<br>Germany<br>Fax: 07223 961660<br>kontakt@ludwig-paletten.de | Trade | | $80,492.69 |
| 48. | **Applied Industrial Technologies**<br>22510 Network Place<br>Chicago, IL 60673-1225<br>USA | **Applied Industrial Technologies**<br>22510 Network Place<br>Chicago, IL 60673-1225<br>USA<br>Fax: 501-955-9505 | Trade | | $80,444.07 |

| | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, fax numbers and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim |
|---|---|---|---|---|---|
| 49. | Surface Chemists of Florida, Inc.<br>1303 Park Lane South<br>Jupiter, FL 33458<br>USA | Surface Chemists of Florida, Inc.<br>1303 Park Lane South<br>Jupiter, FL 33458<br>USA<br>Fax: 561-745-8737<br>colleen@surfacechemists.com | Trade | | $77,962.50 |
| 50. | Gericke<br>Zuiderinslag 18<br>Hoevelaken 3870 CA<br>Netherlands | Gericke<br>Zuiderinslag 18<br>Hoevelaken 3870 CA<br>Netherlands<br>Fax +31 (0) 332542600 | Trade | | $77,232.65 |

# DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Remco de Jong, the duly authorized signatory of Almatis B.V., declare under penalty of perjury that I have read the forgoing Consolidated List of Creditors Holding the 50 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
   April 30, 2010

          /s/ Remco de Jong
        By: Remco de Jong
        Title: Chief Executive Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                :
IN RE:                                          :    Chapter 11
                                                :
ALMATIS B.V., et al.,                           :    Case No. _____
                                                :
         Debtors.                               :    Joint Administration Requested
                                                :
                                                :
------------------------------------------------------------x
```

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and Local Rule of Bankruptcy Procedure 1007-3, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Address of Shareholder | Approximate Percentage of Shares Held |
|---|---|---|
| Almatis Holdings 9 B.V. | Theemsweg 30<br>3197 KM Botlek Rotterdam<br>Netherlands | 100% |

Pursuant to Local Rule of Bankruptcy Procedure 1007-3, the following are corporations, other than a governmental unit, in which the Debtor directly or indirectly owns a joint venture interest:

| Corporation | Approximate Joint Venture Interest |
|---|---|
| Almatis Ltd. (Japan) | 20% |

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Remco de Jong, the duly authorized signatory of Almatis B.V., declare under penalty of perjury that I have read the forgoing Corporate Ownership Statement and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
       April 30, 2010

|  | /s/ Remco de Jong |
|---|---|
| By: | Remco de Jong |
| Title: | Chief Executive Officer |

<u>**MINUTES BOARD MEETING**</u>

Minutes of the proceedings at the meeting of the managing board of **Almatis B.V.**, a private company with limited liability incorporated under the laws of the Netherlands with corporate seat in Rotterdam, the Netherlands, and having its address at Theemsweg 30, 3197 KM Botlek Rotterdam, the Netherlands, (the "**Company**"), which meeting was held by telephone on the twenty-ninth day of April, 2010 at 16.30 hours CET.

The meeting appointed Remco de Jong as Chairman and Pieter Eduard Post as Secretary of the meeting.

The Chairman opened the meeting and recorded that the following managing directors were present:

(a)     Remco de Jong, and

(b)     Pieter Eduard Post,

together forming the entire managing board of the Company.

Then, having been presented by the Almatis group (the "**Group**") executive management and the Company's financial and legal advisors with materials regarding the liabilities and liquidity of the Company, the strategic alternatives available to the Company and the impact of the foregoing on the Company, its enterprise and its stakeholders, having reviewed, considered and discussed these materials and having had the opportunity to consult with the Company's financial and legal advisors, the managing board considered and discussed the current status, liabilities and liquidity of the Company and considered fully each of the strategic alternatives available to the Company in order to restructure its debt and the debt of the Group, including the high yield refinancing proposal presented by DIC.

With regard to the latter proposal, the managing board considered and discussed the current status thereof on the basis of a "Note of discussions with DIC regarding proposed alternative restructuring proposal and refinancing of Almatis first lien debt (24 to 28 April 2010)", a memorandum on the "Current status of discussions with DIC regarding alternative restructuring proposal" dated 29 April 2010 and a financial modelling and analysis of the DIC High Yield Bond proposal dated 28 April 2010, all three prepared by Close Brothers Corporate Finance Limited, the Company's financial advisor, which had been provided to the managing board prior to the managing board meeting. The managing board adopted the conclusions set out in the aforementioned documents and concluded, in accordance therewith, that the DIC proposal did not amount to a sufficiently credible and viable alternative



restructuring option.

In that light, the managing board again considered and discussed the proposal of a majority of the first lien senior lenders and the hedge counterparties under the credit facilities of the Group for a restructuring of the debt of the Company and the other Group companies encompassed in the Plan Support Agreement and its attachments (the "**PSA**") which has been entered into by the Company on 14 April 2010. By entering into the PSA, the Company committed itself to supporting the Plan set out therein and commencing chapter 11 cases as soon as possible.

Furthermore, the managing board considered and discussed the most recent Valuation Analysis Materials, dated 22 April 2010, received by it from the Company's investment banker and financial advisor Moelis & Company. The managing board took note that according to Moelis' report, the enterprise value range of the Group is currently approximately $510 – $570 million (with a mid-point of $540 million). This means that the value of the Group breaks squarely in the first lien senior debt.

The managing board took note that, as a result of the vote solicitation proceedings initiated pursuant to the resolutions adopted in the managing board meeting on 13 April 2010, over 61% of the creditors entitled to vote on the Plan had voted in favour thereof. As only the votes actually received count, this means that 100% has currently voted in favour, no votes against. As an important point, the managing board noted that the members of the senior co-ordinating committee had also voted in favour of the Plan and that they, as had become clear from discussions with the senior co-comm members and their legal counsel in the days preceding the managing board meeting and lastly immediately prior to the managing board meeting, shared the conclusion that the DIC refinancing proposal did not represent a viable restructuring option and was highly unlikely to timely mature sufficiently to attain such a status. Accordingly, the senior co-comm members had expressed as their strong view that the Company should live up to its obligations under the PSA and file a chapter 11 case without further delay.

The managing board then discussed and considered:

(a)     a draft of a Deed of Amendment and Restatement between the Company and DIC Almatis Bidco B.V. whereby that certain Bilateral Loan Agreement dated 20 December 2007 between the Company and DIC Almatis Bidco B.V. is amended and restated; and

(b)     a draft of a Contribution and Assignment Agreement between the Company and certain of its affiliates pursuant to which DIC Almatis Bidco B.V., acting in its capacity of shareholder of Almatis Holding 3 B.V., makes an informal capital contribution to the share capital of Almatis Holding 3 B.V.

The managing board reviewed and considered the proposed term sheets for the Key Employee Incentive Plan and the Key Senior Employee Incentive Plan which are attached to the PSA (the "**KEIP Plans**"). Whereas the KEIP Plans have been approved by the signatories to the PSA and the managing board has determined that the KEIP Plans are necessary to properly incentivise the employees to which they relate, it is desirable and in the best interest of the Company, its enterprise and its stakeholders that the Company enters into and performs the KEIP Plans.

Finally, the managing board reviewed, considered and discussed the letter from The Committee of Mezzanine and Junior Mezzanine Lenders to (among others) the directors of the Company and the letter from DIC to the Senior Lenders to the Almatis Group with a copy to the "Management Board Members of Almatis", both dated 28 April 2010, which had been provided to the managing board prior to the managing board meeting.

Pursuant to the above, the Chairman proposed the following resolutions:

1    The plan of reorganisation contemplated by the Commercial Term Sheet attached to the Plan Support Agreement represents the best restructuring alternative available to the Company. It is desirable and in the best interest of the Company, its enterprise and its stakeholders that the Company performs the Plan Support Agreement and files or causes to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the **"US Bankruptcy Code"**).

2    It is desirable and in the best interest of the Company, its enterprise and its stakeholders that the Company enters into and performs the Deed of Amendment and Restatement and the Contribution and Assignment Agreement.

3    The Company will perform the Plan Support Agreement (including, without limitation, performance in accordance with the MIP Term Sheet and the Bonus Term Sheet attached thereto) and (if any) the DIP Credit Facility (as defined below).

4    The Company will enter into and perform the KEIP Plans.

5    The Company will enter into and perform the Deed of Amendment and Restatement.

6    The Company will enter into and perform the Contribution and Assignment Agreement.

7    The Company will file or cause to be filed a voluntary petition for relief under the US Bankruptcy Code and take or cause to be taken any steps necessary, proper, and/or desirable for the Company in connection with such filing.

8    Each of Remco de Jong and Charles Edward Herlinger is entitled to, on behalf and in name of the Company:

    (a)    negotiate, enter into, execute and deliver the Deed of Amendment and Restatement and for that purpose, to agree such amendments thereto as he deems necessary or desirable;



(b)     negotiate, enter into, execute and deliver the Contribution and Assignment Agreement and for that purpose, to agree such amendments thereto as he deems necessary or desirable;

(c)     negotiate, enter into, execute and deliver the KEIP Plans and for that purpose, to agree such amendments thereto as he deems necessary or desirable;

(d)     negotiate, enter into, execute and deliver any agreement for the use of cash collateral in connection with the filing by the Company of a voluntary petition for relief under the US Bankruptcy Code, including agreements which require the Company to grant liens and pay interest to the Company's existing lender(s);

(e)     negotiate, enter into, execute and deliver a debtor in possession loan facility (including such agreements, certificates, instruments, guaranties, notices and any and all other documents as he may deem necessary or appropriate to facilitate the execution and delivery thereof: a **"DIP Credit Facility"**), on the terms the he may deem necessary or appropriate for the consummation of the transactions contemplated thereby;

(f)     negotiate, enter into, execute, deliver and file all petitions, schedules, lists and other motions, papers or documents and any amendments thereto in connection with the filing by the Company of a voluntary petition for relief under the US Bankruptcy Code; and

(g)     perform any and all other legal and other acts, including acts of disposal, as in his judgment shall be or shall become necessary, proper, and/or desirable in connection with the filing by the Company of a voluntary petition for relief under the US Bankruptcy Code, the use of cash collateral in connection therewith, the Plan Support Agreement, the Contribution and Assignment Agreement, the Deed of Amendment and Restatement, the KEIP Plans, the DIP Credit Facility, or otherwise to effectuate a successful reorganisation of the Company, including, without limitation, the negotiation of, entry into, execution, delivery, certification, filing, recording and/or performance of any agreements, instruments, motions, affidavits, applications for approvals or rulings of courts or other authorities, certificates or other documents.

9       The proceeds of the DIP Credit Facility (if any) shall be used (i) to satisfy the obligations of the Company, (ii) to pay for fees and expenses associated with the DIP Credit Facility, (iii) to continue the conduct of the affairs of the Company under the US Bankruptcy Code, and (iv) for general corporate purposes.

10      The Company will employ the following financial and legal advisors to represent and assist the Company in the following matters:

(a)     the law firm of Gibson, Dunn & Crutcher LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings;

(b)     the law firm of Linklaters LLP as special English and German counsel to represent and assist the Company and to take any and all actions to advance the Company's rights and obligations;

(c)     the law firm of De Brauw Blackstone Westbroek N.V. as Dutch counsel to represent and assist the Company and to take any and all actions to advance the Company's rights and obligations;

(d)     the law firm of Schultze & Braun GmbH Rechtsanwaltsgesellschaft as counsel to advise management with respect to issues arising under German law;

(e)     the law firm of Schultze & Braun GmbH Rechtsanwaltsgesellschaft-Wirtschaftsprüfungsgesellschaft as auditor to verify a restructuring opinion for the German companies of the Almatis group;

(f)     the firm of Close Brothers Corporate Finance Limited as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

(g)     the firm of Moelis & Company as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

(h)     the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, solicitation, balloting and tabulation agent to represent and assist the Company in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

(i)     the firm of PricewaterhouseCoopers as auditor to represent and assist the Company in carrying out its duties under the US Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations;

(j)     the firm of Ernst & Young as tax advisor to represent and assist the Company in carrying out its duties under the US Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations;

(k)     the firm of Talbot Hughes McKillop LLP as restructuring advisor to represent and assist the Company in carrying out its duties under the US Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and

(l)     any other advisors to assist the Company in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations.

Each of Remco de Jong and Charles Edward Herlinger is entitled to, on behalf and in name of the Company, negotiate, enter into, execute and deliver appropriate retention agreements, pay appropriate retainers and to file or cause to be filed an appropriate application for authority to retain the services of the advisors mentioned here above.

11      To the extent required, any and all legal and other acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were adopted, are hereby in all respects approved and ratified (*goedgekeurd*).

12      The Company hereby grants the power of attorney set out here below:


## POWER OF ATTORNEY


| Name | : | **Almatis B.V.** |
| Legal form | : | private company with limited liability |
| Country of incorporation | : | the Netherlands |
| Corporate seat | : | Rotterdam |
| Registered office address | : | Theemsweg 30 |
| city and postal code | : | Botlek Rotterdam, 3197 KM |
| country | : | the Netherlands |

(the "**Principal**"),

represented by:


| Last name | : | De Jong |
| First name(s) | : | Remco |
| Address | : | Way Broek 17 |
| City and postal code | : | Roermond, 6041 PJ |
| Country | : | the Netherlands |
| City and country of birth | : | Leeuwarden, the Netherlands |
| Date of birth | : | 19 February 1963 |

Nationality                        :     Dutch

**("De Jong")**
Directeur of the Principal

and

| | | |
|---|---|---|
| Last name | : | Post |
| First name(s) | : | Pieter Eduard |
| Address | : | Kuijerdamseweg 23 |
| City and postal code | : | Ellemeet, 4323 LB |
| Country | : | the Netherlands |
| City and country of birth | : | Leeuwarden, the Netherlands |
| Date of birth | : | 29 April 1960 |
| Nationality | : | Dutch |

Directeur of the Principal

**hereby grants the following power of attorney:**

(1)       This power of attorney is granted to each of De Jong and Charles Edward Nield Herlinger (each an "**Authorised Person**").

(2)       Reference is made to:

          (a)       a draft of a Deed of Amendment and Restatement between the Principal and DIC Almatis Bidco B.V. whereby that certain Bilateral Loan Agreement dated 20 December 2007 between the Principal and DIC Almatis Bidco B.V. is amended and restated (the "**Deed of Amendment and Restatement**");

          (b)       a draft of a Contribution and Assignment Agreement between the Principal and certain of its affiliates pursuant to which DIC Almatis Bidco B.V., acting in its capacity of shareholder of Almatis Holdings 3 B.V., makes an informal capital contribution to the share capital of Almatis Holdings 3 B.V. (the "**Contribution and Assignment Agreement**");

          (c)       the Plan Support Agreement between the Principal, certain of its affiliates and certain of the first lien senior lenders and the hedge counterparties under the credit facilities of the Almatis group of companies relating to a restructuring of the debt of the Almatis group of companies (the "**Plan Support Agreement**") entered into by the Principal on 14 April 2010; and



(d)     the Key Employee Incentive Plan and the Key Senior Employee Incentive Plan which are attached to the Plan Support Agreement (the "**KEIP Plans**").

(3)     The Principal hereby grants power of attorney to each Authorised Person to, acting individually, perform the following acts in the name and on behalf of the Principal:

(a)     file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**US Bankruptcy Code**");

(b)     negotiate, enter into, execute and deliver the Deed of Amendment and Restatement and for that purpose, to agree such amendments thereto as he deems necessary or desirable;

(c)     negotiate, enter into, execute and deliver the Contribution and Assignment Agreement and for that purpose, to agree such amendments thereto as he deems necessary or desirable;

(d)     negotiate, enter into, execute and deliver the KEIP Plans and for that purpose, to agree such amendments thereto as he deems necessary or desirable;

(e)     negotiate, enter into, execute and deliver any agreement for the use of cash collateral in connection with the filing by the Principal of a voluntary petition for relief under the US Bankruptcy Code, including agreements which require the Principal to grant liens and pay interest to the Principal's existing lender(s);

(f)     negotiate, enter into, execute and deliver a debtor in possession loan facility (including such agreements, certificates, instruments, guaranties, notices and any and all other documents as he may deem necessary or appropriate to facilitate the execution and delivery thereof: a "**DIP Credit Facility**"), on the terms the he may deem necessary or appropriate for the consummation of the transactions contemplated thereby;

(g)     negotiate, enter into, execute, deliver and file all petitions, schedules, lists and other motions, papers or documents and any amendments thereto in connection with the filing by the Principal of a voluntary petition for relief under the US Bankruptcy Code;

(h)     employ the following financial and legal advisors to represent and assist the Principal in the following matters and for that purpose negotiate, enter into, execute and deliver appropriate retention agreements, pay appropriate retainers and file or cause to be filed an appropriate application for authority to retain the services of those advisors:

(i)     the law firm of Gibson, Dunn & Crutcher LLP as bankruptcy counsel to represent and assist the Principal in carrying out its duties under the US



Bankruptcy Code and to take any and all actions to advance the Principal's rights and obligations, including filing any pleadings;

(ii)    the law firm of Linklaters LLP as special English and German counsel to represent and assist the Principal and to take any and all actions to advance the Principal's rights and obligations;

(iii)    the law firm of De Brauw Blackstone Westbroek N.V. as Dutch counsel to represent and assist the Principal and to take any and all actions to advance the Principal's rights and obligations;

(iv)    the law firm of Schultze & Braun GmbH Rechtsanwaltsgesellschaft as counsel to advise management with respect to issues arising under German law;

(v)    the law firm of Schultze & Braun GmbH Rechtsanwaltsgesellschaft-Wirtschaftsprüfungsgesellschaft as auditor to verify a restructuring opinion for the German companies of the Almatis group;

(vi)    the firm of Close Brothers Corporate Finance Limited as investment banker and financial advisor to represent and assist the Principal in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Principal's rights and obligations;

(vii)    the firm of Moelis & Company as investment banker and financial advisor to represent and assist the Principal in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Principal's rights and obligations;

(viii)    the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, solicitation, balloting and tabulation agent to represent and assist the Principal in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Principal's rights and obligations;

(ix)    the firm of PricewaterhouseCoopers as auditor to represent and assist the Principal in carrying out its duties under the US Bankruptcy Code, and to take any and all actions to advance the Principal's rights and obligations;

(x)    the firm of Ernst & Young as tax advisor to represent and assist the Principal in carrying out its duties under the US Bankruptcy Code, and to take any and all actions to advance the Principal's rights and obligations;

(xi)    the firm of Talbot Hughes McKillop LLP as restructuring advisor to represent and assist the Principal in carrying out its duties under the US Bankruptcy



Code, and to take any and all actions to advance the Principal's rights and obligations; and

(xii)  any other advisors to assist the Principal in carrying out its duties under the US Bankruptcy Code and to take any and all actions to advance the Principal's rights and obligations.

(i)  perform any and all other legal and other acts, including acts of disposal, as in his judgment shall be or shall become necessary, proper, and/or desirable in connection with the filing by the Principal of a voluntary petition for relief under the US Bankruptcy Code, the use of cash collateral in connection therewith, the Plan Support Agreement, the Contribution and Assignment Agreement, the Deed of Amendment and Restatement, the KEIP Plans, the DIP Credit Facility, the retention of advisors as set out above, or otherwise to effectuate a successful reorganisation of the Principal, including, without limitation, the negotiation of, entry into, execution, delivery, certification, filing, recording and/or performance of any agreements, instruments, motions, affidavits, applications for approvals or rulings of courts or other authorities, certificates or other documents.

(4)  This power of attorney is irrevocable.

(5)  In performing acts pursuant to this power of attorney, each Authorised Person may act as a counterparty to the Principal or act pursuant to a power of attorney granted by one or more other persons involved in the acts referred to in paragraph (3).

(6)  Each Authorised Person may grant a power of attorney to another person to perform, directly or indirectly, acts in the Principal's name within the limits of this power of attorney, and he may substitute another person for himself as authorised person. If the first sentence applies, the other person shall be an Authorised Person for the purposes of this power of attorney.

(7)  The relationship between the Principal and the Authorised Persons arising from this power of attorney shall be governed exclusively by Dutch law.

*-*-*

The managing board, after having discussed and considered them, voted on the proposals.

The Chairman recorded that Post and De Jong voted in favour of the proposals, except that Post did not take place in the decision-making process with regard to the KEIP Plans and abstained from voting with regard thereto, so that the resolutions were adopted.

No other business to be transacted the Chairman closed the meeting at approximately 17.30 hours CET.

[ REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK ]

By:     Pieter Eduard Post

Title:     Directeur

Date:     29/04/10

By:     Remco de Jong

Title:     Directeur

Date:     29/04/2010