# EXHIBIT B

# Proposed Final Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
IN RE:                                              :    **Chapter 11**
:
ALMATIS B.V.**, *et al.*,**                          :    **Case No. _____**
:
    **Debtors.**                                      :
:    **Jointly Administered**
:
---------------------------------------------------------------x

**FINAL ORDER (A) PROHIBITING UTILITIES FROM
ALTERING, REFUSING, OR DISCONTINUING SERVICES TO, OR
DISCRIMINATING AGAINST, THE DEBTORS ON ACCOUNT OF
PREPETITION INVOICES; (B) DETERMINING THAT UTILITIES
ARE ADEQUATELY ASSURED OF FUTURE PAYMENT;
(C) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
FOR ADDITIONAL ASSURANCE; AND (D) PERMITTING UTILITY
COMPANIES TO OBJECT TO SUCH PROCEDURES**

Upon consideration of the motion (the "***Motion***")[1] of Almatis B.V. and certain of

its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "***Debtors***" and each, a "***Debtor***"), for entry of interim and

final orders (a) prohibiting Utility Companies from altering, refusing, or discontinuing utility

services to, or discriminating against, the Debtors on account of any outstanding amounts for

services rendered prepetition, or any purported inadequacy of the Debtors' proposed adequate

assurance; (b) determining that the Utility Companies have received adequate assurance of

payment for future utility services; (c) approving procedures whereby the Utility Companies may

request additional or different assurances beyond those set forth in this Motion; and

(d) approving procedures for resolving objections by the Utility Companies; and upon the De

Jong Declaration in support thereof; and the Court having found that it has jurisdiction to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having found that the relief requested in the Motion is in the best

interests of Debtors' estates, their creditors, and other parties in interest; and notice of the Motion

and the opportunity for a hearing on the Motion was appropriate under the particular

circumstances; and the Court having reviewed the Motion and having considered the statements

in support of the relief requested therein at a hearing before the Court (the "*Hearing*"); and the

Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

6.     The Motion is granted to the extent set forth herein on a final basis.

7.     The Debtors are authorized to pay on a timely basis, in accordance with their

prepetition practices, all undisputed invoices for Utility Services rendered by the Utility

Companies to the Debtors after the Petition Date.

8.     The Debtors shall provide an Adequate Assurance Deposit for all Utility

Companies identified on ***Exhibit C*** hereto by depositing $437,500, an amount equal to two

weeks of Utility Services, calculated as a historical average over the past 52 weeks (each, an

"***Adequate Assurance Deposit***"), into one segregated bank account designed for the Adequate

Assurance Deposits (the "***Adequate Assurance Deposit Account***") within 20 days of the Petition

Date.

9.     The Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay

for future utility services in the ordinary course of business (collectively, the "***Proposed***

*Adequate Assurance*"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

10.     The Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtors receiving such Utility Services.

11.     The following Adequate Assurance Procedures are approved on a final basis:

(a)     Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "*Additional Assurance Request*") so that it is **received** by the Debtors by no later than 30 days after the Petition Date (the "*Request Deadline*") at the following addresses:

        (i)     Almatis Inc., 501 West Park Road, Leetsdale, PA 15056 (Attn: Tim McKenna); and

        (ii)     Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Michael A. Rosenthal, Esq., Janet M. Weiss, Esq., and Matthew K. Kelsey, Esq.).

(b)     Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtors prepay for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtors for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c)     Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) 20 days from the receipt of such Additional Assurance Request or (ii) 40 days from the Petition Date (collectively, the "*Resolution Period*") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company without application to or approval of the Court.

(d)     The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, other forms of security or any combination of the above, if the Debtors believe such additional assurance is reasonable.  If the Debtors and requesting Utility Company resolve the Additional Assurance Request, the Debtors may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

(e)     If the Debtors determine that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "***Determination Hearing***"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f)     Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g)     Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

12.     The following Objection Procedures are approved in all respects:

(a)     A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "***Procedures Objection***") with the Court and serve such Procedures Objection so that it is **received** by the Debtors within 10 days of the Petition Date at the following addresses:

(i)     Almatis Inc., 501 West Park Road, Leetsdale, PA 15056 (Attn:  Tim McKenna); and

(ii)    Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn:  Michael A. Rosenthal, Esq., Janet M. Weiss, Esq., and Matthew K. Kelsey, Esq.).

(b)     Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtors prepay for the Utility Company's services or what payment terms presently apply to the Debtors; (v) explain why the objecting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (vi) identify and explain the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

(c)     The Debtors, in their discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in their discretion, provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, prepayments, or other forms of security, if the Debtors believe such assurance of payment is reasonable.  If the Debtors and objecting Utility Company resolve the Procedures Objection, the Debtors may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

(d)     If the Debtors determine that a Procedures Objection is not reasonable and are not able to reach a prompt alternative resolution with the objecting Utility Company, the Procedures Objection will be heard at the Final Hearing.

(e)     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

13.     The Debtors may supplement the Utility Companies List without further order of

the Court if any Utility Company has been inadvertently omitted from the Utility Companies List

(the "***Additional Utility Company***"); and the Debtors will as soon as practicable file with the

Court an amendment to ***Exhibit C*** adding the name of any Additional Utility Company

(the "***Supplement***").  The Debtors will then serve by email or by facsimile transmission (or,

where the Debtors do not have the email address or fax number of a Utility Company, by First

Class Mail) a copy of the Motion and this signed Order on any Additional Utility Company.

14.     Any Additional Utility Company is subject to the terms of this Order, including

the Adequate Assurance and Objection Procedures.  Any Additional Utility Company shall have

30 days from the date of service of the Motion and this Order to make an Additional Assurance

Request as outlined above.  The Additional Utility Company shall serve a Procedures Objection as outlined above, except that the Procedures Objection must be received by the Debtors' and their counsel within five days of the Final Hearing.  Should any Additional Utility Company be added to the Utility Companies List, the Debtors will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

15.     No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or the Objection Procedures, (b) by mutual agreements of the Debtors and the applicable Utility Company, or (c) by further order of the Court.  If the Debtors fail to pay for any legitimate postpetition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

16.     The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Order.

17.     Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

18.     Within three business days of the date of this Order, the Debtors shall serve a copy of this Order and the Motion on each Utility Company identified on the Utility Companies List, and that within three business days of filing the Supplement, the Debtors shall serve a copy of this Order and the Motion on any Additional Utility Company.

19.     Notwithstanding Bankruptcy Rule 6003 and the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     The notice requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

22.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: New York, New York
        _____, 2010


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE