# EXHIBIT A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
IN RE: : Chapter 11
: 
ALMATIS B.V., *et al.*, : Case No. _____
: 
Debtors. : 
: Joint Administration Requested
: 
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY TALBOT HUGHES MCKILLOP LLP AS CASH MANAGEMENT ADVISORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "***Application***")[1] of Almatis B.V. and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "***Debtors***" and each, a "***Debtor***"), for entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "***Local Rules***") authorizing the Debtors to retain and employ Talbot Hughes McKillop LLP ("***THM***") to serve as cash management advisors *nunc pro tunc* to the Petition Date and to compensate THM pursuant to section 330 of the Bankruptcy Code; and upon the Merritt Declaration in support thereof; and the Court having found that it has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and the Application in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of Debtors' estates, their creditors, and other parties in interest; and notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances; and the Court having reviewed the Application and having considered the statements in support of the relief requested therein at a hearing before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Application is granted as set forth below.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are authorized to employ and retain THM *nunc pro tunc* to the Petition Date as cash management advisors on the terms set forth in the Application.

3. THM shall be compensated for its services and reimbursed for any related expenses in accordance with THM's normal hourly rates and disbursement policies as set forth in the Application and the Merritt Declaration and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders or procedures of this Court.

4. THM shall hold the Retainer unapplied until the conclusion of this Chapter 11 Cases, at which point THM will apply the remainder of the Retainer against its then-unpaid fees and expenses after approval of fee applications therefor.

5. The Indemnification Provisions of the Engagement Letter are approved, subject to the following clarifications:

    a) subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, THM in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with THM's performance of the services described in the Engagement Letters;

    b) THM shall not be entitled to indemnification, contribution, or reimbursement for services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

    c) the Debtors shall have no obligation to indemnify THM, or provide contribution or reimbursement to THM, for any claim or expense to the extent that it is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from THM's gross negligence, willful misconduct, or material breach of its duties under the regulatory system; and

    d) if, before the earlier of (i) entry of an order confirming a chapter 11 plan in these cases (that order having become final and no longer subject to appeal), or (ii) entry of an order closing the Chapter 11 Cases, THM believes that it is entitled to the payment of any amounts by the Debtors pursuant to the Indemnification Provisions, including without limitation, the advancement of defense costs, THM must file an application before this Court, and the Debtors may not pay any such amounts to THM before the entry of an order by this Court approving the payment. Subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by THM for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify THM.

6. Notwithstanding any terms of the Engagement Letter to the contrary, the Court shall have jurisdiction over any controversy arising from or related to the Application, the

3

Engagement Letter, or THM's retention in the Chapter 11 Cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: New York, New York
       _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE