**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (MR-7006)
Janet M. Weiss (JW-5460)
Matthew K. Kelsey (MK-3137)
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
IN RE:                                                         :   Chapter 11
                                                               :
**ALMATIS B.V.**, *et al.*,                                    :   Case No. 10-12308 (MG)
                                                               :
    Debtors.                                :   Jointly Administered
                                                               :
---------------------------------------------------------------x

### NOTICE OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS WITHIN WHICH TO FILE A PLAN OF REORGANIZATION AND SOLICIT VOTES THEREON

      **PLEASE TAKE NOTICE** that on August 2, 2010, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the annexed *Debtors' Motion for an Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending The Debtors' Exclusivity Periods within which to File a Plan of Reorganization and Solicit Votes Thereon* (the "**Motion**").

      **PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the Motion will take place before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 (the "**Bankruptcy Court**") on **August 16, 2010 at 2:00 p.m. (prevailing U.S. Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that any and all objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, and shall be filed, with proof of service, with the Clerk of the Bankruptcy Court, and served in accordance with the Court's order establishing notice procedures [Docket No. 53] with a courtesy copy delivered to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge, One Bowling Green, Room 504, New York,

New York 10004-1408 so as to be received by **August 9, 2010 at 5:00 p.m. (prevailing U.S. Eastern Time)** (the "*Objection Deadline*").

    **PLEASE TAKE FURTHER NOTICE** that if no objections are filed and received by the Objection Deadline, the Bankruptcy Court may grant the relief requested in the Motion without a hearing.

    **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
   August 2, 2010

            /s/ Michael A. Rosenthal
            Michael A. Rosenthal (MR-7006)
            Janet M. Weiss (JW-5460)
            Matthew K. Kelsey (MK-3137)

            **GIBSON, DUNN & CRUTCHER LLP**
            200 Park Avenue
            New York, New York  10166-0193
            Telephone:  (212) 351-4000
            Facsimile:  (212) 351-4035

            ATTORNEYS FOR THE DEBTORS AND
            DEBTORS IN POSSESSION

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (MR-7006)
Janet M. Weiss (JM-5460)
Matthew K. Kelsey (MK-3137)
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
IN RE: : Chapter 11
: 
ALMATIS B.V., *et al.*, : Case No. 10-12308 (MG)
: 
      Debtors. : Jointly Administered
: 
------------------------------------------------------------ x

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 1121(d) OF THE
BANKRUPTCY CODE EXTENDING THE DEBTORS' EXCLUSIVITY PERIODS
WITHIN WHICH TO FILE A PLAN OF REORGANIZATION
<u>AND SOLICIT VOTES THEREON</u>**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      Almatis B.V. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "***Debtors***" and each, a "***Debtor***"), submit this motion (the "***Motion***") pursuant to section 1121(d) of title 11 of the United States Code (the "***Bankruptcy Code***"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "***Order***"), extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof. In support of this Motion, the Debtors respectfully represent:

**RELIEF REQUESTED**

1. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which the debtor has the exclusive right to file a plan of reorganization (the "*Exclusive Filing Period*"). Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan of reorganization within the Exclusive Filing Period, it has an exclusive period of 180 days from the commencement of the chapter 11 case to solicit acceptances of and confirm such a plan (the "*Exclusive Solicitation Period*," and together with the Exclusive Filing Period, the "*Exclusive Periods*"). The initial Exclusive Filing Period in these chapter 11 cases extends through August 28, 2010, while the initial Exclusive Solicitation Period extends through October 27, 2010.

2. Section 1121(d) of the Bankruptcy Code permits the Court to extend the Exclusive Periods "for cause." By this Motion, the Debtors request that the Exclusive Filing Period be extended by 90 days, through and including November 26, 2010, and the Exclusive Solicitation Period be extended by 90 days, though and including January 25, 2011, pursuant to section 1121(d). The Court has set a hearing on August 3, 2010 to consider approval of the Debtors' request to enter into, among other things, a new plan support agreement (the "*Plan Support Agreement*") with sufficient holders of the Debtors' junior funded debt under section 1126(c) of the Bankruptcy Code to accept a chapter 11 plan (the "*Supporting Junior Prepetition Lenders*"). In addition, the Debtors have been able to negotiate a settlement with Oaktree Capital Management ("*Oaktree*") who, as a result of such settlement, will support confirmation of the Amended Plan (defined below). The Debtors believe that they are on track to exit from bankruptcy prior to the end of 2010. Nonetheless, the Debtors are filing this Motion out of an abundance of caution because they believe that preserving the Exclusive Periods is in the best

interests of the Debtors and their estates. For the reasons set forth herein, the Debtors submit that ample cause exists to grant such extensions.

## JURISDICTION

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On April 30, 2010 (the "***Petition Date***"), the Debtors commenced these cases (the "***Chapter 11 Cases***") under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtors filed a prepackaged chapter 11 plan (the "***Initial Plan***") that enjoyed the support of Debtors' senior lenders (the "***Senior Lenders***"), but was rejected by nearly all of the Debtors' second lien and mezzanine lenders. The Initial Plan provided for no recovery to the Debtors' junior mezzanine lenders.

6. During the pendency of these Chapter 11 Cases, the Debtors prosecuted confirmation of the Initial Plan, given that it was the only feasible restructuring proposal available to the Debtors. The Court established a schedule for discovery relating to certain confirmation disputes and a trial regarding the confirmability of the Initial Plan (and the adequacy of the Initial Disclosure Statement), with such trial to commence on July 19, 2010 (the "***Combined Hearing***").

7. On July 2, 2010, the Debtors received an initial restructuring proposal from Dubai International Capital LLC ("***DIC***"), the Debtors' largest equity holder, that

(i) provided full recoveries to the Senior Lenders, (ii) was supported by the Supporting Junior Prepetition Lenders, (iii) appeared to be feasible, and (iv) was accompanied by tangible evidence of financing. Based on the results of their preliminary evaluation of the DIC proposal, the Debtors delivered a letter to the Court dated July 7, 2010 requesting that the Court adjourn the Combined Hearing so that the Debtors could make a more complete evaluation of the merits of DIC's initial proposal, as well as negotiate certain improvements thereto.

8. Since July 2, 2010, the Debtors have negotiated extensively with DIC, representatives of the Supporting Junior Prepetition Lenders, and the parties providing the financing to consummate the Amended Plan (defined below). The results of this negotiation yielded the Plan Support Agreement and the plan financing commitment letters, each of which are integral components of an amended chapter 11 plan (the "*Amended Plan*") that would pay the Senior Lenders in full and provide meaningful recoveries to the Debtors' junior lenders.

9. On July 23, 2010, the Debtors filed a motion seeking authority to enter into, among other things, the Plan Support Agreement with respect to the Amended Plan, and the various financing commitments necessary to consummate such Plan (the "*Authorization Motion*"). The Court has set August 3, 2010 as the hearing date for the Authorization Motion.

10. Negotiation of the First Amended Plan and, if granted, entry into the transactions contemplated by the Authorization Motion, have potentially extended the reorganization process. However, the terms of the Amended Plan, coupled with the broad support of the Plan by the Supporting Junior Prepetition Lenders and Oaktree justifies the additional time needed to confirm and consummate the Amended Plan.

# CAUSE EXISTS TO EXTEND THE DEBTORS' EXCLUSIVE PERIODS

**A.     The Exclusive Periods**

11.     The Exclusive Periods provided by Congress were incorporated into the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such a plan without the deterioration and disruption of the debtor's business that might be caused by the filing of competing plans by non-debtor parties. The Debtors are the only parties that have fiduciary duties in respect of the entire enterprise, and they are the only parties that are duty-bound to formulate a plan of reorganization that takes into account the interests of the estate and all its constituents. *In re Brook Valley VII, Joint Venture,* 496 F.3d 892, 900 (8th Cir. 2007).

12.     The principal goal of chapter 11 is the successful reorganization of the estate in order to increase the pool of assets available to creditors. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984). To promote the formulation of a considered and consensual plan, Congress gave the debtor the exclusive right to propose a plan of reorganization for a specified and extendable period. *See In re Ames Dep't Stores Inc.*, No. 90-11233, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors.").

**B.     Cause Exists to Extend the Exclusive Periods**

13.     Whether "cause" exists to extend a debtor's Exclusive Periods to file and solicit acceptances of a plan of reorganization is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. *See In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). Congress intended to give the bankruptcy court maximum flexibility to make such determinations. *In re Amko Plastics, Inc.*,

197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (citation omitted); *see also* H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191. While the term "cause" is not defined by the statute, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y.1987) (quoting H.R. Rep. No. 95-595, at 231 (1978)).

14. In determining whether a debtor has had an adequate opportunity to negotiate a chapter 11 plan, a court should consider a variety of factors to assess the totality of circumstances affecting whether or not "cause" exists to extend the Exclusive Periods. *In re McLean,* 87 B.R. at 834 (identifying six factors used by courts to determine whether cause exists to extend exclusivity). As for those factors necessary to determine "cause" for the purpose of extending the Exclusive Periods within the Southern District of New York, courts in this District have identified nine factors:

(a) the size and complexity of the case;

(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(c) the existence of good faith progress toward reorganization;

(d) the fact that the debtor is paying its bills as they become due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress in negotiations with its creditors;

(g) the amount of time which has elapsed in the case;

(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i) whether an unresolved contingency exists.

*In re Adelphia Comm. Corp.,* 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006). *Accord In re Texaco, Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to extend the

debtor's first request to extend exclusivity based on size and complexity of case alone).

16. Here, each of the factors is relevant and is in favor of extending the Exclusive Periods. As explained fully below, sufficient cause exists to extend the Debtors' Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

1. **The Debtors' Cases are Large and Complex**

16. Congress and the courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive period to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231-232,406 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191, 6362 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement"); *see also In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

17. The Debtors' chapter 11 cases are sufficiently large and complex to warrant the requested extension of the Exclusive Periods. In terms of complexity, these cases involve thirteen Debtors located throughout the world, hundreds of employees, approximately 3,600 creditors, and over $1 billion in outstanding prepetition bank debt that requires restructuring. As demonstrated by the litigation surrounding the Initial Plan, the Debtors' creditors had divergent views on the ultimate value of the Debtors, as well as how such value should be allocated. In addition to these issues, the global nature of the Debtors' business adds an additional layer of

complexity. Indeed, the Chapter 11 Cases have been listed as a mega-case by the Court.[1]

18. In cases of considerable size and complexity, courts in this District have routinely granted similar extensions on the debtor's initial request for an extension of the Exclusive Periods. *See*, *e.g.*, *In re Mesa Air Group, Inc.*, Case No. 10-10018 (Bankr. S.D.N.Y. Apr. 15, 2010) [Docket No. 646] (extending debtor's exclusive periods by 120 days); *In re Dana Corp.*, Case No. 06-10354 (Bankr. S.D.N.Y.) (granting initial extension for six months and second extension for eight months for a total 18-month maximum exclusive period under BAPCPA) [Docket Nos. 1584 and 4398].[2]

### 2. The Debtors Have Made Good Faith Progress Towards Reorganization

19. The Debtors have made substantial progress in these chapter 11 cases. In the first three and a half months of these cases, the Debtors obtained significant "first day" relief, and have made substantial efforts in complying with various guidelines of the U.S. Trustee's Office, as well as managing the questions and concerns of the Debtors' foreign vendors, suppliers, and customers, many of whom are unfamiliar with the restructuring laws of the United States. Given the global scope of the Debtors' business operations, minimizing the disruptions to the Debtors' business resulting from the commencement of these cases took considerable effort of the Debtors' management and staff.

20. Most significantly, the Debtors have focused most of their efforts in these cases on (a) prosecuting confirmation of the Initial Plan, which, at the time the cases were commenced, was the only viable restructuring alternative available to the Debtors, and

---

[1] http://www.nysb.uscourts.gov/megacases.html

[2] Copies of these orders granting exclusivity extensions are annexed hereto as **Exhibit B**.

8

(b) negotiating with other creditor constituencies and parties in interest to develop the Amended Plan, which enjoys the support of DIC, Oaktree and the Supporting Junior Prepetition Lenders, maximizes recoveries to the Debtors' creditors, and resolves outstanding (and costly) litigation. These efforts culminated in the filing of the Authorization Motion, which seeks approval of the Debtors' entry into the Plan Support Agreement so that the Debtors can prosecute confirmation of the Amended Plan on a fully consensual basis. If the Authorization Motion is approved by the Court, the Debtors will be in a position to move expeditiously towards confirmation and consummation of the Amended Plan, a plan that is now supported by DIC, Oaktree, and the vast majority of the Debtors' junior lenders.

### 3. An Extension of the Exclusive Periods Will Not Prejudice Creditors

21. With funds on hand as of the Petition Date and funds generated through their regular business operations, the Debtors have sufficient liquidity to pay, and are paying, their undisputed postpetition obligations as such obligations come due. The Debtors have endeavored, through regular interaction with their primary creditor constituencies, to establish and maintain a cooperative working relationship – even while preparing for a contested confirmation hearing relative to the Initial Plan. The Debtors are not seeking the requested extension to delay administration of the Chapter 11 Cases or to exert pressure on their creditors to accede to unreasonable demands. Rather, the Debtors' request an extension to continue the orderly, efficient and cost-effective restructuring process.

### 4. Additional Factors Exist to Support Extension of the Exclusive Periods

22. Courts consider various other factors when deciding whether to extend the Exclusive Periods, such as the length of time the case has been pending; and whether unresolved contingencies exist. This is only the first requested extension of exclusivity in these cases, and

Debtors' cases have been pending for less than four months. There is a risk that a denial of the Motion would signal to the Debtors' foreign creditors and vendors a loss of confidence in the Debtors and their reorganization efforts, which would harm the Debtors' business operations. In light of the short duration and complexity of these cases, the challenges faced by the Debtors and the progress that the Debtors have made to date, the Debtors submit that an extension of the Exclusive Periods is warranted.

## CONCLUSION

23. The Debtors have responded to the immediate operational and administrative demands of these cases and have worked diligently with other parties in interest to advance the reorganization process. The Debtors should be afforded a full and fair opportunity to propose and seek acceptance of a chapter 11 plan. The requested extension of the Exclusive Periods will not prejudice the legitimate interest of creditors and other parties in interest, and will afford the Debtors a meaningful opportunity to pursue confirmation of the Amended Plan.

## NOTICE

24. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases. The Debtors have provided notice of filing of the Motion by electronic mail, facsimile, and/or overnight mail to the parties listed in the Master Service List established in the Chapter 11 Cases, and any other party who has requested service of documents filed in the Chapter 11 Cases, all in accordance with the Court's order establishing notice procedures [Docket No. 53]. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice is required. The Motion is also available on the following website: http://chapter11.epiqsystems.com/almatis.

## NO PRIOR REQUEST

25. No prior motion for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York  
August 2, 2010

Respectfully submitted,

/s/ Michael A. Rosenthal  
Michael A. Rosenthal (MR-7006)  
Janet M. Weiss (JW-5460)  
Matthew K. Kelsey (MK-3137)  
**GIBSON, DUNN & CRUTCHER LLP**  
200 Park Avenue  
New York, New York 10166-0193  
Telephone: (212) 351-4000  
Facsimile: (212) 351-4035

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION