UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              :

IN RE:                                        :      Chapter 11
                                              :

ALMATIS B.V., *et al.*,               :      Case No. 10-12308 (MG)
                                              :

   Debtors.                              :      Jointly Administered
                                              :
---------------------------------------------------------------x

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE AMENDED PLAN, INCLUDING (A) APPROVING THE FORM AND MANNER OF DISTRIBUTION OF SOLICITATION PACKAGES, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING A RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING THE DEADLINE FOR RECEIPT OF BALLOTS, AND (F) APPROVING THE PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING THE DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO (A) CONFIRMATION OF THE AMENDED PLAN, AND (B) PROPOSED CURE AMOUNTS RELATED TO CONTRACTS AND LEASES ASSUMED UNDER THE AMENDED PLAN; AND (IV) GRANTING RELATED RELIEF**

       Upon consideration of the motion (the "***Motion***")[1] of Almatis, B.V. and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the Bankruptcy Code, Rules 2002, 3016, 3017, and 3020 of the Federal Rules of Bankruptcy Procedure and Local Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1 and 9020-1, for entry of an order (i) approving the *Disclosure Statement with Respect to the First Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code*, dated August 23, 2010; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

distribution of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to (a) confirmation of the Plan and (b) proposed cure amounts for executory contracts and unexpired leases that may be assumed as part of the Plan; (iv) granting related relief, all as set forth in the Motion; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted to the extent set forth below.

2. The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the Disclosure Statement, including, but not limited to, any such objections raised in the Motion by Movants to Object to Disclosure Statement Approval Motion and Motion to Intervene as

Creditors to Plaintiffs Under Rule 7024, Fed. R. Civ. P. Rule 34(a), 24(b) [Docket No. 383], are overruled.

3. The Debtors shall mail or cause to be mailed to Voting Parties, the only holders of Claims or Interests entitled to vote on the Plan, within five (5) business days after entry of this Order, a solicitation package containing: (a) written notice (the "*Confirmation Hearing Notice*"), substantially in the form annexed to the Motion as *Exhibit C*, of (i) the Court's approval of the Disclosure Statement, (ii) the deadline for voting on the Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to confirmation of the Plan, which Confirmation Hearing Notice is approved; (b) the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (c) the Disclosure Statement, substantially in the form approved by the Court (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (d) the appropriate ballot (substantially in the form annexed to this Order as *Annexes 1-A* through *1-D*); (e) a copy of this Order; and (f) a pre-addressed, postage pre-paid ballot return envelope (collectively, the "*Solicitation Package*"). The Debtors shall send to each Voting Party (a) only the Solicitation Package appropriate for the class(es) applicable to such Voting Party, and (b) only one Solicitation Package even if such Voting Party has Claims against more than one of the Debtors.

4. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties. By August 31 2010, the Debtors shall publish a notice substantially in the form annexed to the Motion as *Exhibit E* which will set forth: (a) the non-voting classes; (b) a summary of the treatment of Claims and Interests under the Plan; (c) the date and time of the Confirmation Hearing; and (d) the deadline and procedures for filing objections to the Plan.

5.  The Solicitation Package and the manner of service of the Solicitation Package ordered herein satisfies the requirements of Bankruptcy Rule 3017(d).

6.  August 24, 2010 is established as the record date (the "*Record Date*") for the purposes of determining the creditors and interest holders entitled to receive the Solicitation Package.

7.  Epiq Bankruptcy Solutions ("*Epiq*" or the "*Balloting Agent*") shall tabulate the ballots and certify to the Court the results of the balloting. The report of voting results (the "*Voting Report*") shall be filed with the Court on or before September 15, 2010.

8.  The Ballots, substantially in the form annexed hereto as *Annexes 1-A* through *1-D*, are hereby approved.

9.  All Ballots must be properly executed, completed and delivered to the Balloting Agent at (A) Epiq Bankruptcy Solutions, LLC, Attn: Almatis B.V. Ballot Processing Center, FDR Station, P.O. Box 5014, New York, New York 10153-5014, if by first class mail, (B) Epiq Bankruptcy Solutions, LLC, Attn: Almatis B.V. Ballot Processing Center, 757 Third Avenue, Third Floor, New York, New York 10017, if by overnight mail or hand-delivery, or (C) **almatisvote@epiqsystems.com**, with the subject line: Attn: Almatis B.V. Ballot Processing, if by email, so that the Ballots are received on or before September 13, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "*Voting Deadline*"), unless extended by the Debtors. Ballots cast by facsimile will not be counted unless approved in advance by the Debtors in writing.

10.  For purposes of voting on the Plan, the amount of a claim held by a Voting Party in Classes 3-5 that is entitled to vote to accept or reject the Plan shall be the amount reflected in a notice provided to the Debtors by the Senior Agent, in the case of Second Lien Claims, and the Mezzanine Agent, in the case of Mezzanine Claims and Junior Mezzanine Claims. The notice

shall reflect amounts owed to each such creditor, as of the Record Date, based on the books and records of the Senior Agent or the Mezzanine Agent, as applicable.

11. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

(a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated and treated as if such creditor held one claim in such class, and all votes related to such claim will be treated as a single vote to accept or reject the Subplan applicable to such class; *provided*, *however*, that if affiliated entities hold claims in a particular class, these claims will not be aggregated and will not be treated as if such creditor held one claim in such class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Subplan applicable to such class; *provided further*, *however*, that if any entity holds claims on behalf of others who are the beneficial owners of such claims, these claims will not be aggregated and will not be treated as if such entity held one claim in such class, and the vote of each beneficial owner will be counted separately as a vote to accept or reject the Subplan applicable to such class; *provided further*, *however*, that if a single creditor holds claims that are voted by parties separated by an ethical screen, then the votes will be set off against each other, with the net amount counted as one vote to accept or reject the Subplan, as applicable.

(b) Creditors must vote all of their claims within a particular class either to accept or reject the applicable Subplan and may not split their vote; *provided*, *however*, that if any entity holds claims on behalf of others who are the beneficial owners of such claims, the record holder or each such beneficial owner, as applicable, may submit separate Ballots, in which case the vote of each beneficial owner will be counted separately as a vote to accept or reject the Subplan applicable to such class; *provided further*, *however*, that that if a single creditor holds claims that are voted by parties separated by an ethical screen, then each such party may vote its claims differently from the other by submitting separate Ballots. However, a <u>single</u> Ballot that partially rejects and partially accepts a Subplan *shall not be counted*.

(c) Ballots that indicate both acceptance and rejection of a Subplan *shall not be counted* as votes to accept or reject such Subplan.

(d) Ballots that fail to indicate an acceptance or rejection of any Subplan *shall not be counted* as votes to accept or reject any of the Subplans.

(e) Ballots that indicate an acceptance or rejection of one Subplan applicable to the voting creditor but fail to indicate an acceptance or rejection of another applicable Subplan, and which are otherwise properly executed and received prior to the Voting Deadline, *shall be counted* as votes to accept or reject all of the Subplans applicable to the voting creditor with respect to the claims voted on such Ballot.

(f) Ballots that indicate an acceptance of one Subplan applicable to the voting creditor and rejection of another Subplan applicable to the voting creditor *shall be counted* as a vote to accept the Subplan for which such creditor voted to accept and a vote to reject the Subplan for which such creditor voted to reject.

(g) Only ballots that are timely received prior to the Voting Deadline and that are properly executed will be counted as votes to accept or reject the Plan. Unsigned ballots *shall not be counted*.

(h) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, *shall not be counted*, except in the Debtors' discretion.

(i) Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, *shall not be counted*.

(j) If a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last properly executed Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots; *provided*, *however*, that if an entity holds claims on behalf of a beneficial owner of such claims, the last properly executed Ballot received prior to the Voting Deadline with respect to each beneficial owner shall be deemed to reflect the beneficial owner's intent and shall supersede any prior Ballots with respect to such beneficial owner. For the avoidance of doubt, claims held by a single creditor, but which are voted differently due to an ethical screen, will be aggregated or set off, as applicable, and counted as one claim.

(k) If a creditor simultaneously casts inconsistent duplicate Ballots, with respect to the same claim, such Ballots *shall not be counted; provided*, *however*, that if any entity holds claims on behalf of others who are the beneficial owners of such claims, only simultaneously cast inconsistent duplicate Ballots with respect to

the same claim of a given beneficial owner will not be counted. For the avoidance of doubt, claims held by a single creditor, but voted separately due to an ethical screen, will be aggregated or set off, as applicable, and counted as one claim.

(l) Each creditor shall be deemed to have voted the full amount of its claim; *provided*, *however*, that if any entity holds claims on behalf of others who are the beneficial owners of such claims, each beneficial owner that votes shall be deemed to have voted the full amount of the claim held by such beneficial owner; *provided further*, *however*, that if a single creditor holds claims that are voted by parties separated by an ethical screen, then the Ballots of such creditor will be aggregated or setoff, as applicable, and counted as one claim.

(m) Any creditor may vote to accept or reject all of the Subplans applicable to it by completing Item 2 on the ballot, which allows a single vote for all claims held by such creditor.

(n) Any ballot cast by a person or entity that does not hold a claim in a Class that is entitled to vote to accept or reject the Plan *shall not be counted*.

Unless otherwise ordered by the Bankruptcy Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Balloting and Claims Agent and the Debtors, which determination shall be final and binding.

12. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented by the Balloting and Claims Agent in the Voting Report filed with the Court.

13. Any objection, comment, or response to confirmation of the Plan (including any supporting memoranda) must be in writing, served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before September 13, 2010 at 5:00 p.m. (prevailing Eastern Time) (the

"*Confirmation Objection Deadline*"). The Court shall consider only written objections that are timely filed and served by the Confirmation Objection Deadline. All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived. Objections to confirmation of the Plan should provide proposed language to remedy such objections, if applicable, and shall be served on the following parties:

> *The Debtors*: Almatis B.V., Theemsweg 30, 3197 KM Botlek, Rotterdam, Netherlands (Attn: Mr. Remco de Jong).
>
> With copies to Almatis GmbH, Lyoner Strasse 9, 60528 Frankfurt am Main, Germany (Attn: Dr. Jesko Kornemann), Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 (Attn: Michael A. Rosenthal and Matthew K. Kelsey), Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Michael L. Cook), and Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin and Ted S. Waksman).
>
> *Office of the United States Trustee for the Southern District of New York*: 33 Whitehall Street, Suite 2100, New York, NY 10004. (Attn Greg M. Zipes).

14. The Debtors shall submit any response to any objections filed to confirmation of the Plan, and any briefs and/or affidavits in support of confirmation of the Plan, by no later than September 16, 2010 at 5:00 p.m. (prevailing Eastern Time).

15. A hearing shall be held before this Court on September 20, 2010 at 10:00 a.m. (prevailing Eastern Time), at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "*Confirmation Hearing*").

16. The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties in interest other than an announcement of the adjourned date at the Confirmation Hearing.

17. The Cure Amounts with respect to the Debtors' proposed assumptions of executory contracts and unexpired leases will be established in accordance with the Original Cure Notice Procedure. Where the Debtors mailed a Cure Notice pursuant to the Original Cure Notice Procedure and no objection or other response was filed or otherwise sent to the Debtors before the Cure Objection Deadline, the counterparty to such executory contract or unexpired lease shall be deemed to have consented to the assumption of the executory contract or unexpired lease and the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors; *provided*, *however*, that the Debtors' mailing of a Cure Notice to such party was and is without prejudice to the Debtors' right to modify their election to assume or to reject such contract or lease prior to the entry of a final, non-appealable order (which order may be the order confirming the Plan) deeming any such contract or lease assumed or rejected, and inclusion in the Cure Notice was and is *not* a final determination that any such contract or lease will, in fact, be assumed. In addition, if no timely Cure Objection was filed with respect to an executory contract or unexpired lease, upon the effective date of the Plan, the Reorganized Debtors and the counterparty to such executory contract or unexpired lease shall enjoy all of the rights and benefits under such executory contract or unexpired lease without the necessity of obtaining any party's written consent to the Debtors' assumption of the executory contract or unexpired lease, and such counterparty shall be deemed to have waived any right to object, consent, condition, or otherwise restrict the Debtors' assumption of the Assumed Contract or Lease.

18. If a counterparty filed an objection to the Debtors' proposed Cure Amount prior to the Cure Objection Deadline and the parties are unable to settle any remaining disputes with respect to the Cure Amount, the Court will determine the amount of any disputed Cure Amount(s) or adjudicate any other objections to the Debtors' proposed assumption of the applicable executory contract or unexpired lease at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to which the parties may mutually agree.

19. Prior to mailing the Disclosure Statement or Solicitation Packages, the Debtors may fill in any missing dates and other information, correct any typographical errors, attach revised and updated versions of any exhibits to the Disclosure Statement, and make such other non-material, non-substantive changes as they deem appropriate.

20. Epiq is authorized, but not directed, to contact creditors who have submitted invalid Ballots in order to correct the defect in such creditor's Ballot.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22. The Court shall retain jurisdiction with respect to all matters arising under or relating to the implementation and enforcement of this Order.

Dated: New York, New York
      August 24, 2010

                                /s/ Martin Glenn_____
                                UNITED STATES BANKRUPTCY JUDGE