UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   NOT FOR PUBLICATION
In re:                                                      :
                                                            :
                                                            :
         ALMATIS B.V., *et al.*                             :   Chapter 11
                                                            :   Case No. 10-12308 (MG)
                                                            :   Jointly Administered
                                      Debtors.              :   Confirmed Case
------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO AUTHORIZE
HERRICK, FEINSTEIN LLP TO ACCESS CONFIDENTIAL DISCOVERY MATERIAL
AND TO EXTEND DEADLINE TO RETURN OR DESTROY MATERIALS**

*A P P E A R A N C E S:*


HERRICK, FEINTEIN LLP
*Attorneys for Jubilee CDO VIII B.V., Alcentra Mezzanine No. 1 S.á r.l.*
*Alcentra Mezzanine QPAM S.á r.l., Shiofra 1 S.á r.l. and Shiofra 2 S.á r.l.*
2 Park Avenue
New York, New York 10016
By:    Paul Rubin, Esq.

KIRKLAND & ELLIS LLP
*Attorneys for Oaktree Capital Management, Limited*
*and its Affiliates*
601 Lexington Avenue
New York, New York 10022

300 North LaSalle
Chicago, Illinois 60654
By:    Adam Paul, Esq.

GIBSON, DUNN & CRUTCHER LLP
*Attorneys for the Debtors and Debtors in Possession*
200 Park Avenue
New York, New York  10166-0193
By:    Mitchell A. Karlan, Esq.

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Dubai International Capital L.L.C.*
767 Fifth Avenue
New York, New York 10153
By:    Evan S. Lederman, Esq.

1

**MARTIN GLENN**
**United States Bankruptcy Judge**

Jubilee CDO VIII B.V., Alcentra Mezzanine No. 1 S.á r.l., Alcentra Mezzanine QPAM S. á r.l., and Shiofra 1 S.á r.l, and Shiofra 2 S. á r.l. (collectively, the "Movants") are members of a group of junior lenders represented by Schulte Roth & Zabel LLP ("SRZ") during the bankruptcy proceedings of Almatis B.V. and certain of its subsidiaries (the "Debtors"). On November 9, 2010, Jubilee filed a *Motion for Entry of an Order (I) Authorizing Herrick, Feinstein LLP to Access Certain Confidential Discovery Material Pursuant to Stipulation, and (II) Extending the Deadline by Which the Confidential Discovery Material Must Be Returned or Destroyed Under the Stipulation* (the "Motion"). (ECF # 484.) On November 15, 2010, Alcentra Mezzanine No. 1 S.á r.l., Alcentra Mezzanine QPAM S.á r.l., Shiofra 1 S.á r.l. and Shiofra 2 S.á r.l. joined the Motion. (ECF # 493.)

On November 16, 2010, Oaktree Capital Management, Limited and its Affiliates ("Oaktree") filed an objection in response to the Motion (the "Oaktree Objection"). (ECF # 495.) Shortly thereafter, the Debtors filed an objection to the Motion (the "Debtors' Objection"). (ECF # 496.) Dubai International Capital LLC ("DIC") joined the Debtors' Objection. (ECF # 497.)

In response to the Oaktree Objection and the Debtors Objection, the Movants filed a *Reply to Objections to Motion for Entry of an Order (I) Authorizing Herrick, Feinstein LLP to Access Certain Certain Confidential Discovery Material Pursuant to Stipulation, and (II) Extending the Deadline by Which the Confidential Discovery Material Must Be Returned or Destroyed Under the Stipulation* (the "Reply"). (ECF # 499.)

For the reasons explained below, the Motion to grant Herrick, Feinstein LLP ("Herrick") access to Confidential Discovery Material (as defined below) and to extend the deadline for return or destruction of Confidential Discovery Material is denied.

## BACKGROUND

When this case was originally filed, it purported to be a prepackaged bankruptcy case. Under the prepackaged plan, Oaktree, the largest holder of Debtors' first lien debt, would have ended up in control of the reorganized debtor. During the first day hearing, it became quickly apparent that this case was far from a prepackaged bankruptcy. The junior lenders represented by SRZ challenged the valuation that was the basis for the proposed prepackaged plan that would have provided little or no recovery to the junior lenders. The junior lenders sought expedited discovery pursuant to Federal Rule of Bankruptcy Procedure 2004. The discovery requests drafted by the junior lenders were very broad in their scope. At the Court's direction, counsel for the parties negotiated a proposed discovery stipulation. Much of the information sought in discovery was alleged to be confidential commercial information. Accordingly, SRZ (on behalf of the junior lenders, including the Movants), counsel to DIC and Oaktree, executed the *Stipulation and Order Regarding the Production and Exchange of Confidential Information* (the "Stipulation"). (ECF # 211.) The Court so-ordered the Stipulation. (*Id.*) The purpose of the Stipulation was to facilitate the production and exchange of documents, testimony and other information during the course of the Debtors' cases. To grant Herrick the relief it has now requested, the Stipulation would have to be modified by the Court over the objections of Oaktree, DIC and the Debtors.

The Stipulation governed only discovery material that was designated as either "Confidential," "Highly Confidential – ATTORNEYS' EYES ONLY" or "COMPETITIVE BID

3

MATERIAL – SRZ ATTORNEYS' EYES ONLY" (collectively, the "Confidential Discovery Material"). (*Id.* at ¶ 1.) The Stipulation provided, in pertinent part, that documents and material designated as "Highly Confidential – ATTORNEYS' EYES ONLY" (and any information derived therefrom) shall not be disclosed other than to "counsel to parties" and "any other person whom . . . the Court directs[] should have access to such Confidential Discovery Material." (*Id.* at ¶ 7(b), (f).) The exact same provision governed documents and material designated as "Confidential" (and any information derived therefrom) (*Id.* at ¶ 8(b), (g).) Moreover, documents and material labeled as "COMPETITIVE BID MATERIAL – SRZ ATTORNEYS' EYES ONLY" (and any information derived therefrom) could only be disclosed to (i) certain named SRZ attorneys and "any other person whom . . . the Court directs[] should have access to such Confidential Discovery Material." (*Id.* at ¶ 10(b), (f).)

The Stipulation also provided that within sixty days after the confirmation of a reorganization plan, counsel for the parties would "return all Confidential Discovery Material and copies . . . thereof to counsel for the producing party, or, in lieu thereof, certify in writing that such material has been destroyed." (*Id.* at ¶ 18.) Discovery proceeded apace, but before the scheduled confirmation hearing on the original plan, DIC proposed a new plan that was substantially more favorable to the junior lenders. Based upon DIC's proposal, the Debtors' board of directors exercised a "fiduciary-out" contained in the original plan support agreement, thereby terminating the original plan support agreement and abandoning the original plan. A new plan support agreement was entered, ultimately leading to the confirmation of DIC's proposed plan in an uncontested confirmation hearing. The effective date of the Debtors' plan was September 30, 2010. (ECF # 453.) Therefore, pursuant to the terms of the Stipulation, the Confidential Discovery Material must be either returned or destroyed by November 29, 2010.

The Stipulation was wide in scope, as it governed "the production and exchange of all documents, testimony, and other information produced, given or exchanged in connection with the discovery directed by the United States Bankruptcy Court, Southern District of New York . . . in the . . . jointly administered chapter 11 bankruptcy case . . . ." (ECF # 211, ¶ 1.) Additionally, "[a]ll Confidential Discovery Material, and all information derived therefrom, shall be treated in accordance with the terms of [the] Stipulation, and will be used by the parties solely in connection with the Case and related proceedings." (*Id.* at ¶ 2.) When the Stipulation was executed, only the Debtors' original plan and the original plan support agreement existed.

Although the Movants have been represented by SRZ throughout this case, they have now retained Herrick as co-counsel "to further advise them of their rights arising out of the events that transpired in connection with this matter." (ECF # 484, ¶ 6; ECF # 493, ¶ 1.) SRZ is currently holding Confidential Discovery Material pursuant to the terms of the Stipulation and cannot share the information with Herrick without approval of the Court.

The Movants claim that the Court should grant Herrick, as their co-counsel, access to this Confidential Discovery Material because to do so would be consistent with the terms of the Stipulation. (ECF # 484, ¶ 8.) The Movants further argue that "[i]t should make no difference to the other parties to the Stipulation whether the attorneys for [the Movants] reviewing the documents at this time are from SRZ or Herrick, so long as both are bound by the same Stipulation." (*Id.* at ¶ 8.)

Oaktree opposes the Motion on the grounds that the Confidential Discovery Material produced pursuant to the Stipulation is not relevant to any matter before the Court and that the Movants' discovery request is procedurally improper. (ECF # 495.) Oaktree claims that the Stipulation was the result of the Movants filing a *Motion for Order Under Fed. R. Bankr. P.*

5

*2004* (the "Discovery Motion"). (ECF # 27.) Oaktree contends that the Discovery Motion and the Stipulation were only relevant to the original plan and the original plan support agreement. (ECF # 495, ¶¶ 1-2.) Oaktree argues that the Confidential Discovery Material is not relevant under the new plan support agreement and the plan that was confirmed by the Court. (ECF # 495, ¶¶ 3-4.)

The Debtors' Objection makes essentially three arguments. First, the Debtors argue that in producing the hundreds of thousands of pages of materials at issue, they relied on the protections afforded by two Orders,[1] "including the assurances that their highly sensitive materials would not be used for any other purpose besides the valuation and would be returned within two months thereafter." (ECF # 496, ¶ 9.) Second, the Debtors claim that to grant the Movants' request would amount to a modification of the Orders in contravention of the applicable standard in the Second Circuit. Third, the Debtors accurately state that the Movants have not filed any action against Oaktree or any other party, and the Federal Rules of Civil Procedure limit discovery to "any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The Debtors state that "[the Movants] offer[] no argument as to how the enormous amount of discovery that took place in a now concluded valuation fight – and which reveals Debtors' most sensitive information and workings – can in any way be relevant to a claim it has not even made." (ECF # 49, ¶18.)

---

[1] The Orders are: (i) So-Ordered Stipulation Regarding the Production and Exchange of Confidential Information and (ii) So-Ordered Stipulation Regarding Access to Debtors' Data Room. (ECF #s 121 and 122, respectively.)

## DISCUSSION

### A. Federal Rule of Bankruptcy Procedure 2004

An examination under Federal Rule of Bankruptcy Procedure 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b). No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule. 9 COLLIER ON BANKRUPTCY ¶ 2004.01[1] (16th ed. rev. 2009). If an adversary proceeding or a contested matter is pending, then Federal Rules of Bankruptcy Procedure 7026-7037 apply and Rule 2004 should not be used. *In re North Plaza, LLC*, 395 B.R. 113, 122 (S.D. Cal. 2008).

It is well established that the scope of a Rule 2004 examination is very broad and provides fewer procedural safeguards than Federal Rule of Civil Procedure 26. *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *see also In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). There are limits to the scope of Rule 2004 discovery. It cannot be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

The Motion is purposely vague in describing its reasons for seeking access for Herrick to the Confidential Discovery Materials. The Movants merely state that Herrick was retained "to further advise [the Movants] of their rights arising out of the events that transpired in connection

with this matter." (ECF # 484, ¶ 6; ECF # 493, ¶ 1.) Oaktree speculates (and, in light of the early history of this case, probably accurately) that Herrick has been retained to investigate possible claims, including against Oaktree. (ECF # 495, ¶ 7.) The Movants' counsel acknowledged as much during the argument on the Motion. Earlier in this case, the junior lenders threatened to bring an action against Oaktree seeking to subordinate Oaktree's claims or to designate its votes. However, after the original plan support agreement and plan were abandoned, and the new DIC plan support agreement and plan were substituted, the junior lenders withdrew their threat to bring an action against Oaktree. The valuation issues that were at the heart of the expedited discovery earlier in the case then became moot, at least for purposes of these bankruptcy cases. Therefore, the Court finds that the Movants' request for access to the Confidential Discovery Materials is not relevant to any matter currently pending before the Court. The Debtors' reorganization plan has been confirmed and became effective on September 30, 2010, and all distributions under the plan have been made. Indeed, this Motion is the only matter pending in these cases before the cases are closed. The Confidential Discovery Material is no longer relevant to any issues involved in the administration of these cases. FED. R. BANKR. P. 2004(b) (The examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge."); *see also In Bennett Funding Grp.*, 203 B.R. at 28.

### B. Federal Rules of Bankruptcy Procedure 7026 and 7027

Federal Rule of Bankruptcy Procedure 7026 expressly adopts Federal Rule of Civil Procedure 26 in adversary proceedings. FED. R. BANKR. P. 7026. Rule 26 also applies in bankruptcy proceedings to contested matters with the exception of subparagraphs (a)(1), (a)(2),

(a)(3) and (f) unless the court directs otherwise. FED. R. BANKR. P. 9014(c). The scope of Bankruptcy Rule 7026 is wide. Specifically, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. BANKR. P. 7026(b)(1). However, Rule 26 does not permit parties to engage in "fishing expeditions," but only to distill issues in a case for trial. *See, e.g.*, *Decatur Ventures, LLC v. Stapleton Ventures, LLC*, 373 F. Supp. 2d 829, 843 (S.D. Ind. 2005).

The Movants have not commenced an adversary proceeding. *See* FED. R. BANKR. P. 7003 (requiring an adversary proceeding to be commenced by filing a complaint with the court). And there is no pending contested matter in which discovery may be taken. *See* FED. R. BANKR. P. 9014 advisory committee's note ("Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter."). The Movants' counsel also acknowledged during argument that there is no matter pending before the Court that would permit Rule 2004 discovery at this point in the case.

Federal Rule of Bankruptcy Procedure 7027, which incorporates Federal Rule of Civil Procedure 27, permits pre-suit discovery by allowing an entity to take depositions before the commencement of an adversary proceeding. FED. R. BANKR. P. 7027; 10 COLLIER ON BANKRUPTCY ¶ 7027.01. Rule 7027 applies to both adversary proceedings and contested matters. *See id.*; FED. R. BANKR. P. 9014(c). But when applicable, this rule is limited in purpose. Specifically, it applies

> to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time.

9

8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2071 (2010). However, like Rule 26, Rule 27 cannot be used by a party "to fish for some ground for bringing suit." *Id.* The Movants have not shown that they are entitled to discovery of the Confidential Discovery Material under Bankruptcy Rule 7027.

In their Reply, the Movants claim that the documents at issue are not irrelevant. (ECF # 499, ¶ 22.) The Movants state that "the discovery requests that resulted in the production of the Confidential Discovery Material were broad and not simply limited to the First Plan or the valuation of the Debtors. Instead, the Movants were seeking to investigate, among other things, the conduct of the Debtors and Oaktree and what motivated the Debtors to make concessions to first lien lenders . . . ." (*Id.*) This statement is far from accurate. More importantly, however, no matter how broad the discovery the junior lenders initially sought, the Stipulation controls the treatment of Confidential Discovery Materials and the use that can be made of it now. Specifically, paragraph 11 of the Stipulation provides that

> the parties and other persons permitted above to have access to Confidential Discovery Material shall use such material solely for the purposes described in paragraph 2 above [solely in connection with the Case and related proceedings], and neither such Confidential Discovery Material nor the contents thereof shall be disclosed to anyone or used for any other purposes, including, without limitation, for any business, commercial, litigation or competitive purposes, except with the prior written consent of the parties that designated the material as confidential . . . .

(ECF # 211, ¶ 11.) No purpose remains to use the materials in connection with these cases. It is quite clear to the Court that the Movants want Herrick to use the Confidential Discovery Materials to prepare litigation claims for a separate lawsuit. Under the Stipulation, this is not permissible. It is certainly true that in the confirmed plan the Movants reserved all of their claims (if any) against Oaktree, and they may commence an action against Oaktree in an appropriate court if they choose to do so. In the context of any such action, the Movants may

10

then seek discovery according to applicable court rules. What the Movants may not do is use this Court to bypass applicable pleading and discovery rules.

### C. Modification of a Protective Order

The Debtors argue that the Motion fails to satisfy the Second Circuit's "stringent standard" for modifying protective orders. In the Second Circuit, a party seeking to modify a protective order must make a showing of "some extraordinary circumstance or compelling need." *Medical Diagnostics v. Care Core Nat'l*, No. 06-Civ-7764, 2009 WL 2135294, *1 (S.D.N.Y. July 16, 2009). The Motion does not contain any showing of any "extraordinary circumstance or compelling need." To the contrary, it is devoid of any specific justification for its request. The Movants efforts to distinguish the cases relied upon by the Debtors because they all involved third-party interveners are unavailing. *See* WRIGHT, MILLER & MARCUS § 2044.1; *Charlie H. v. Whitman,* 213 F.R.D. 240, 245 (D.N.J. 2003) (stating that when a party seeks to modify an order of confidentiality, the party must come forward with a reason to modify the order).

### CONCLUSION

For the foregoing reasons, the Motion for an order granting Herrick access to Confidential Discovery Material and extending the deadline for return or destruction of such materials is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 24, 2010
         New York, New York

                                    /s/Martin Glenn
                                    MARTIN GLENN
                                    United States Bankruptcy Judge